# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

CRAIG STIFF,
ADC #111330                                                                               PLAINTIFF

V.                                         5:14CV00055 JTR

L. EVANS, Jailer,
Dermott City Jail, et al.                                                              DEFENDANTS

## ORDER[1]

Plaintiff Craig Stiff is a prisoner in the Wrightsville Unit of the Arkansas Department of Correction. He has filed this *pro se* action raising allegations that arose in December of 2013, while he was a pretrial detainee in the Dermott City Jail. Specifically, Plaintiff alleges that Defendants violated his constitutional rights, as protected by 42 U.S.C. § 1983, and committed the state tort of negligence by refusing to allow him to bathe and failing to provide him with adequate medical care for a rash. *Docs. 2 & 6.*

Defendants have filed a Motion for Summary Judgment on the issue of exhaustion, and Plaintiff has responded.[2] *Docs. 19, 20, 21, 23, 24, & 25.* For the

---

[1] On May 12, 2014, the parties consented to proceed before a United States Magistrate Judge. *Doc. 17.*

[2] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v.*

following reasons, the Motion is denied.

## I. Discussion

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  To satisfy the PLRA's exhaustion requirement, a prisoner must:  (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Claims that are not properly exhausted, pursuant to the incarcerating facility's rules, must be dismissed, without prejudice. *Jones,* 549 U.S. at 218;  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

The Dermott City Jail has a Grievance Procedure requiring detainees to file written grievances with the Jail Administrator. *Doc. 19, Ex. 2.*  The Grievance Procedure specifies that "any jailer will provide, upon request from a detainee, a

---

*Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact.  *Celotex,* 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial.  *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

grievance form and a pencil." *Id. at 1*. However, detainees may also write their grievances on any available paper. *Id.* If the detainee is dissatisfied with the Jail Administrator's response, or does not receive a response to his grievance, he may file an appeal to the Sheriff. *Id.*

Defendant Chief of Police Eric Evans has filed a sworn Affidavit stating that the Grievance Procedure was explained to Plaintiff. *Doc. 19, Ex. 1*. Defendant Evans also avers that Plaintiff never filed a grievance, or requested to file a grievance, during his December 2013 detention at the Dermott City Jail. *Id.*

Plaintiff hotly contests those assertions. *Doc. 25*. Specifically, in his sworn Statement, Plaintiff alleges that jailers denied his "repeated requests" for a grievance form, pencil, paper or other means to file a grievance about his inability to bathe and lack of medical care for a rash. *Id. at 1*.

It is well settled that a lack of proper exhaustion will be excused if the prisoner demonstrates that prison officials hindered his efforts to complete exhaustion. *Sergent v. Norris,* 330 F.3d 1084, 1085-86 (8th Cir. 2003); *Lyon v. Vande Krol*, 305 F.3d 806, 808 (8thCir. 2002). In particular, the Eighth Circuit has recognized that a prisoner cannot be held to the PLRA exhaustion requirement if prison officials refused to provide him with grievance forms. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001).

At this point, there is a genuine dispute of material fact as to whether Defendants prevented Plaintiff from exhausting his administrative remedies. Thus, Defendants are not entitled to summary judgment on the issue of exhaustion. *See* Fed. R. Civ. P. 56(a) (explaining that summary judgment is appropriate only when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"); *Jones v. Bock*, 549 U.S. 199, 216 (2007) (explaining that the failure to exhaust administrative remedies is an affirmative defense that must be pled and proven by the defendants).

Neither party has requested a jury trial. If this case survives the filing of dispositive motions on the merits of Plaintiff's claims, the Court will allow Defendants to renew their exhaustion defense during the non-jury trial on the merits.

## II. Conclusion

IT IS THEREFORE ORDERED THAT Defendants' Motion for Summary Judgment *(Doc. 19)* is DENIED.

Dated this 16th day of September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE